# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

## 11-469


BARBARA RICHARD

VERSUS

CALCASIEU PARISH SCHOOL BOARD

**\*\*\*\*\*\*\*\*\*\*\***

## APPEAL FROM THE
## OFFICE OF WORKERS' COMPENSATION, DISTICT 3
## PARISH OF CALCASIEU, NO. 07-03060
## SAM LOWERY, WORKERS' COMPENSATION JUDGE

**\*\*\*\*\*\*\*\*\*\*\***

## ON REHEARING

**\*\*\*\*\*\*\*\*\*\*\***

## JAMES T. GENOVESE
## JUDGE

**\*\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, J. David Painter, and James T. Genovese, Judges.


**REHEARING GRANTED; AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.**

Christopher M. Trahan
Raggio, Cappel, Chozen & Berniard
1011 Lakeshore Drive, Suite 500
Lake Charles, Louisiana 70601
(337) 436-9481
COUNSEL FOR DEFEDANT/APPELLANT:
    Calcasieu Parish School Board

**Mark Zimmerman**
**4216 Lake Street**
**Lake Charles, Louisiana 70605**
**(337) 474-1644**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Barbara Richard**

**GENOVESE, Judge.**

We revisit this case pursuant to the application for rehearing by the employer, Calcasieu Parish School Board (School Board), relative to the workers' compensation claim of the employee, Barbara Richard. We grant this rehearing solely on the issue of whether the workers' compensation judge (WCJ) erred in restoring Ms. Richard's workers' compensation benefits to temporary total disability (TTD) status. In our original opinion, we affirmed the decision of the WCJ reinstating TTD benefits to Ms. Richard. Pertinent hereto is the decision of this court by another panel rendered the same day as the instant case entitled *James Sharp v. Landscape Management Services*, 11-340 (La.App. 3 Cir. 10/5/11), ___ So.3d ___.

In the instant case, we affirmed the WCJ's reinstatement of TTD benefits in favor of Ms. Richard and his award of $7,000.00 in attorney fees, plus we awarded $3,500.00 in attorney fees for work done on appeal. However, the sole issue before us on this rehearing is whether Ms. Richard is entitled to TTD benefits or supplemental earnings benefits (SEB).

The law pertaining to SEB was recently set forth by our supreme court in *Poissenot v. St. Bernard Parish Sheriff's Office*, 09-2793, pp. 4-6 (La. 1/9/11), 56 So.3d 170, 174-75 (footnote omitted):

> "The purpose of [SEBs] is to compensate the injured employee for the wage earning capacity he has lost as a result of his accident." *Banks v. Industrial Roofing & Sheet Metal Works, Inc.*, 96-2840 (La.7/1/97), 696 So.2d 551, 556. An employee is entitled to receive SEBs if he sustains a work-related injury that results in his inability to earn ninety percent (90%) or more of his average pre-injury wage. La. R.S. 23:1221(3)(a). Initially, the employee bears the burden of proving, by a preponderance of the evidence, that the injury resulted in his inability to earn that amount under the facts and circumstances of the individual case. *Banks*, *supra* at 556. "In determining if an injured employee has made out a prima facie case of entitlement to [SEBs], the trial court may and should take into account all those factors which might bear on an employee's ability to earn a wage."

*Daigle v. Sherwin-Williams Co.*, 545 So.2d 1005, 1009 (La.1989) (quoting *Gaspard v. St. Paul Fire and Marine Ins. Co.*, 483 So.2d 1037, 1039 (La.App. 3 Cir.1985)). It is only when the employee overcomes this initial step that the burden shifts to the employer to prove, by a preponderance of the evidence, that the employee is physically able to perform a certain job and that the job was offered to the employee or that the job was available to the employee in his or the employee's community or reasonable geographic location. La. R.S. 23:1221(3)(c)(i); *Banks, supra* at 556; *Daigle, supra* at 1009.

The analysis is necessarily a facts and circumstances one in which the court is mindful of the jurisprudential tenet that workers' compensation is to be liberally construed in favor of coverage. *Daigle, supra* at 1007. Further, factual findings in workers' compensation cases are subject to the manifest error or clearly wrong standard of appellate review. *Smith v. Louisiana Dept. of Corrections*, 93-1305 (La.2/28/94), 633 So.2d 129, 132; *Freeman v. Poulan/Weed Eater*, 93-1530 (La.1/14/94), 630 So.2d 733, 737-38. In applying the manifest error-clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. *Freeman, supra* at 737-38; *Stobart v. State through Dept. of Transp. and Development*, 617 So.2d 880, 882 (La.1993); *Mart v. Hill*, 505 So.2d 1120, 1127 (La.1987). "In determining whether a [WCJ's] finding that an employee has met his initial burden of proving entitlement to SEBs is manifestly erroneous, a reviewing court must examine **all** evidence that bears upon the employee's inability to earn 90% or more of his pre-injury wages." *Seal v. Gaylord Container Corp.*, 97-0688 (La.12/2/97), 704 So.2d 1161, 1166.

As set forth in *Poissenot*, as quoted in *Sharp*, and La.R.S. 23:1221(1), Ms. Richard bears the burden of establishing by clear and convincing evidence, unaided by any presumption of disability, that she is physically unable to engage in any employment as a result of a work-related injury in order to be awarded TTD benefits. The record clearly indicates that the most current functional capacity evaluation (FCE) performed on Ms. Richard was completed on October 17, 2009. The FCE indicated that she was capable of performing a sedentary level job. Therefore, it was not error for the School Board to convert Ms. Richard's benefits to SEB, and the WCJ erred in reinstating Ms. Richard's TTD benefits.

However, once it was determined that SEB were the appropriate benefits payable to Ms. Richard, then the burden shifted to the School Board to establish by

2

a preponderance of the evidence that a particular job was available to her and that she was physically able to perform that particular job. Given the restrictions placed on Ms. Richard by Dr. Bernauer as set forth in the record, the jobs presented to Ms. Richard were not jobs that were actually physically available to her. Therefore, the SEB are to be paid based on a zero earning capacity.

## DISPOSITION

The WCJ erred in restoring Ms. Richard to TTD benefits status. Our original judgment and that of the WCJ restoring Ms. Richard to TTD benefits status are reversed, and judgment is now rendered awarding Ms. Richard SEB at a zero earning capacity rate as of May 1, 2010. All other aspects of our original judgment are affirmed.

**REHEARING GRANTED; AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.**